The Honorable Jacqueline T. McGee Representative, District 38 State Capitol Building, Room 116A-1 Jefferson City, Missouri 65101
Dear Representative McGee:
This opinion letter is in response to your question asking:
 Whether or not there is a conflict of interest or a prohibition against a member of the Missouri General Assembly providing legal representation to indigent parties pursuant to appointment by the Circuit Court and when receiving compensation therefor from the Circuit Court or when receiving compensation which has been taxed as costs in the proceeding.
Article III, Section 12, of the Missouri Constitution provides:
 Section 12. Members of general assembly disqualified from holding other offices. No person holding any lucrative office or employment under the United States, this state or any municipality thereof shall hold the office of senator or representative. When any senator or representative accepts any office or employment under the United States, this state or any municipality thereof, his office shall thereby be vacated and he shall thereafter perform no duty and receive no salary as senator or representative. During the term for which he was elected no senator or representative shall accept any appointive office or employment under this state which is created or the emoluments of which are increased during such term. This section shall not apply to members of the organized militia, of the reserve corps and of school boards, and notaries public.
There is no question that a member of the General Assembly may not hold any employment for which is received compensation with the United States, this state, or any municipality of this state. See Opinion No. 92, Vogel, February 14, 1951, and Opinion No. 412, Grellner, 1966. A copy of each is enclosed.
We assume your question relates to an appointment to represent an indigent criminal defendant. In our view, your question is answered by Opinion No. 34, Bradshaw, 1973, a copy of which is enclosed, in which we held that a member of the General Assembly who accepts an appointment and receives compensation as an attorney to represent indigent defendants violates the provisions of Article III, Section 12, of the Missouri Constitution. A copy of Opinion Letter No. 355, Salveter, 1969, which is self-explanatory is also enclosed.
It is the opinion of this office that a member of the General Assembly accepting a court appointment as described in your question to represent an indigent criminal defendant for compensation would come within the prohibition of Article III, Section 12, of the Missouri Constitution.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 92, Vogel, February 14, 1951 Opinion No. 412, Grellner, 1966 Opinion No. 34, Bradshaw, 1973 Opinion Letter No. 355, Salveter, 1969